FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 10 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DR. JOHN GRAY                                              PLAINTIFF

v.                CASE NUMBER 5:15-CV-0258JM-PSH

NISSAN MOTOR COMPANY, LTD. (Principal)
NISSAN NORTH AMERICA, INC.
                                                           DEFENDANT(S)
WELCH-NISSAN MOTORS, INC.
DAVID WELCH, OWNER

This case assigned to District Judge Moody
and to Magistrate Judge Harris

## COMPLAINT

Comes Dr. John Gray by and through his counsel, Attorney Risie R. Howard, and for his Complaint against defendants, respectfully states and alleges as follows:

### OVERVIEW

Dr. Gray was hired as a salesman by Welch-Nissan. While working there he was subjected to unfair competition and sales practices, subjective and arbitrary finance decisions, racial discrimination and harassment. David Welch owns and manages Welch-Nissan on a daily basis. At all times relevant, he was well aware of the actions of his agents within the scope of their employment. Their actions and David Welch's actions violated Dr. Grays Constitutional and Civil Rights by interfering with interstate commerce, and violating both the Arkansas Civil Rights and Arkansas Deceptive Trade Practices Acts. Dr. Gray was untimely discharged for absenteeism. But, Dr. Gray was never absent.

1

During his tenure, Dr. Gray was subjected to an abusive work environment that included racial remarks, comments, behaviors and terminology directed toward both African American employees as well as African American customers.

Dr. Gray was not given the training and sales advantages of other "select" employees. Yet, he met the required two car sales quota within his first twenty-three days of employment.

Other salesmen profited from Dr. Gray's sales efforts after his termination as friends of Dr. Gray purchased expensive cars not knowing he had been discharged and would not receive the commission. This unjustly enriched Nissan, Nissan North America and Welch.

Dr. Gray has suffered lost wages, income and commissions and other financial loss. He is seeking compensatory and punitive damages with back pay and interest for those losses. Dr. Gray also believes that he has suffered because he is an African American. Dr. Gray contends that he was really discharged because he is African American. This allegation directly violates the Arkansas Civil Rights Act and Dr. Gray is entitled to recover compensatory and punitive damages of $300,000.00, back pay and commissions with interest and in the discretion of the court, the cost of litigation and a reasonable attorney's fee.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal question pursuant to 28 U.S.C. § 1331 as it involving Interstate Commerce arising under Article I Section 8, Clause 3 of the United States Constitution and laws of the United States. The Court exercises original jurisdiction over claims related to regulation of commerce with foreign nations and among the several States. Defendants activities were commercial and the activity "substantially affected" interstate commerce. Defendant's actions involved the movement of automobiles through interstate commerce and their discriminatory actions impeded interstate commerce.

2. Dr. John Gray ("Dr. Gray"), is a resident of 132 Park Place, Pine Bluff, AR. 71601 and is a ~~citizen of Arkansas.~~

3. Nissan Motor Company, LTD ("Nissan") is the Principal and has its headquarters in Yokohama, Kanagawa, Japan.

4. Nissan North America, Inc. ("Nissan North America") is the Agent and is headquartered in Franklin, TN.

5. David Welch ("Mr. Welch") is the owner of Welch-Nissan (Welch) dealership with its principal place of business located at 2505 Olive, Pine Bluff, AR. 71601.

6. Defendants are joined under the theory of Respondeat Superior or Master-Servant.

7. The state law claims are so related to the federal question claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as defendant Welch-Nissan is a domestic corporation maintaining its principal place of business in this district and its owner David Welch is a resident of White Hall, AR.

10. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) for defendants Nissan and Nissan North America because the events giving rise to the claims occurred in this judicial district.

11. In sum, since the events giving rise to this action arose in Jefferson County, Arkansas. Venue is proper and this Court has personal jurisdiction over the parties. This Court has original jurisdiction as the federal question arises under the U.S. Constitution and laws of the United States and supplemental jurisdiction over the claims alleging violations against the Arkansas Civil Rights Act and the Arkansas Unconscionable and Deceptive Business Practices Act.

Not only did defendants discriminate against Dr. Grey, but his untimely discharge and their unfair business practices resulted in the company's unjust enrichment.

## **GENERAL ALLEGATIONS OF FACT**

1. Dr. John Gray is a retired University of Arkansas Assistant Professor of Agriculture. He was hired "on the spot" by Welch-Nissan as a salesman on or about July 22, 2014. On or about August 20, 2014, the sales manager told Dr. Gray that he had "too many absences" and Dr. Gray was discharged. But, Dr. Gray had never missed a day of work.

2. Dr. Gray performed his job satisfactorily, and met all required sales goals. Dr. Gray was not given a written attendance policy and none existed at that time. Yet, he was allegedly discharged for absenteeism.

3. Sales were unfairly directed to majority salesmen based upon a "click", "buddy" system that did not include Dr. Gray. In spite of this, Dr. Gray met all required sales goals. Nevertheless, he was discharged. For example, in the month of July, 2014 a "select" Caucasian salesman encountered some serious personal financial expenses that he needed to cover. To assist this salesman with covering his personal finances Welch's service manager would contact the secretary in the sales office when a repair customer would inquire about a new vehicle or the service manager would recommend a new vehicle to a customer, then that service manager would make contact with that salesman (that needed to increase his personal finances) in person or by telephone, and that salesman would close the car deal.

4. The receptionist at Welch would screen telephone calls to the dealership about new vehicles and route all those calls directly to that salesman's telephone when he was in his office. The result, in this instance, was that this salesman sold 22 cars the month of July. Dr. Gray sold two. This resulted in unfair competition.

5. Mechanics would repair cars then tell customers to go speak to certain salesmen about a replacement vehicle. Dr. Gray's name was never given in those "in-house" referrals. This resulted in unfair competition.

6. Dr. Gray's sales were impeded by unfair, unconscionable and deceptive business practices at Welch. Another example, the finance manager told Dr. Gray that an African American family would qualify for financing if they could meet the $1,500.00 down-payment requirement. When the family told Dr. Gray they could meet it, Dr. Gray reported this to the finance manager. Then, the finance manager arbitrarily increased the requirement to $3,000.00 down instead; preventing the family from getting the vehicle and causing Dr. Gray to lose the sale.

7. During his near thirty day tenure Dr. Gray was subjected to an abusive working environment that included hearing condescending racial remarks and comic terminology directed toward fellow African American employees and African American customers. For example, Dr. Gray saw three African American women sitting outside in the summer heat while the driver was transacting business inside the dealership. The women had three small infant children, all under twenty months old, in the car with them. The temperature was near 100 degrees. So, Dr. Gray invited them to wait inside in the air conditioned lobby. Jeff Jeffers, a sales supervisor, walked up to Dr. Gray and another African American salesman and said, "**WHO DAY WIT?!**" Dr. Gray and the other African American salesman said they didn't know. The ladies became insulted and walked back outside and sat in the car. Dr. Gray witnessed on many occasions both lobby couches in the sales showroom filled with waiting Caucasians, but not once was he asked or did he hear the sales supervisor ask "who they were with."

8. Dr. Gray was also subjected to more scrutiny than Caucasian salesmen. For example, while entering the door for a daily sales meeting Dr. Gray, who was wearing a leisure shirt hanging about 1/2 inch below his waist, was asked to tuck his shirt tail into his pants. His Caucasian associate was wearing a polo shirt that was hanging about 3 inches below his waist, but he was not asked to tuck his shirt tail into his pants as he entered the meeting.

9. Welch treated Caucasian male employees with more respect than African American male employees. In conversation about a lack of coffee in the break-room, David Welch said it's "that boy"; referring to a near 60 year old African American night janitor, suggesting that he was responsible for drinking all the coffee. As it turned out, the secretary had not made morning coffee.

10. Dr. Gray believes that he was a victim of racial discrimination and harassment.

11. Dr. Gray took his discrimination charge to the Equal Employment Opportunity Commission and was issued a "right to sue" letter.

## FOR A FIRST CAUSE OF ACTION
( 15 U.S.C. 1126 (h) and (i), 15 U.S.C. 1117)

1. Dr. Gray re-alleges the foregoing as if fully set out herein.

2. Dr. Gray is a citizen of the United States and he is entitled to protection against unfair competition, and remedies under 15 U.S.C. § 1126 and 15 U.S.C. § 1117.

3. Dr. Gray sues for unfair competition affecting interstate commerce under 15 U.S.C. 1114(h) and (i).

4. The activities were commercial.

5. The activity "substantially affects" interstate commerce.

6. These lost sales and commissions resulted in unjust enrichment by Nissan Motor Company, et al.

7. As a direct and proximate cause of Defendants acts and omissions alleged herein, Dr. Gray has suffered damages in the form of lost wages, sales and commissions. The unfair practices by Welch violated his freedom to compete in the marketplace. Dr. Gray is entitled to restitution for lost profits, damages, costs and attorney fees under 15 U.S.C. 1117.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Arkansas Deceptive Trade Practices Act)
### (ADTPA) AR ST § 4-88-107(10)

8. Dr. Gray re-alleges the foregoing as if fully set out herein.

9. At all times relevant, Welch-Nissan engaged in unconscionable and deceptive business, commerce and trade practices in violation of the Arkansas Deceptive Trade Practices Act.

10. Welch-Nissan, ET al. are businesses within the meaning of the Arkansas Deceptive and Unconscionable Trade Practices Act.

11. As a direct and proximate cause of Defendants unconscionable and deceptive acts and omissions alleged herein, Dr. Gray has suffered damages from lost wages, sales and commissions. This violated his right to compete and he deserves compensation for those lost wages, sales and commissions.

12. These lost sales and commissions unjustly enriched Nissan Motor Company, et al.

## FOR A THIRD CAUSE OF ACTION
### (Violation of the Arkansas Civil Rights Act)
### A.C.A. § 16-123-107

13. Dr. Gray re-alleges the foregoing as if fully set out herein.

14. Dr. Gray sues for racial discrimination and harassment under the Arkansas Civil Rights Act.

15. By virtue of the facts alleged herein, all Defendants have violated the provisions of the Arkansas Civil Rights Act which provides that Dr. Gray had a right to obtain and hold

employment free from discrimination because of race and gender, which is recognized and declared to be a civil right in this great State.

16. By virtue of the facts alleged herein, Welch is an employer within the meaning of the Arkansas Civil Rights Act.

17. At all times relevant, Nissan Inc. employed more than 500 employees within the State of Arkansas in each of 20 or more calendar weeks in 2013 and 2014 in an industry affecting interstate commerce. Therefore, Dr. Gray is entitled to recover up to $300,000.00 in compensatory and punitive damages under this Act.

18. Defendant's acts were so egregious as to warrant the imposition of both compensatory and punitive damages.

19. As a direct and proximate cause of the Defendants acts and omissions alleged herein, Dr. Gray suffered the stress of an abusive work environment and discharge.

**WHEREFORE**, Dr. Gray prays for a trial by jury, for judgment against the defendants for violations against Interstate Commerce in the amount of $32,080.00 for lost commissions, $192,480.00 in lost profits for anticipated first year sales, damages in the amount of $14,400.00 in lost wages, costs, and attorney's fees under 15 U.S.C. 1117. Three hundred thousand dollars ($300,000.00) in compensatory and punitive damages under the Arkansas Civil Rights Act, plus back pay in the amount of $14,400.00 in wages and commissions averaging at least $192,480.00 for anticipated first year sales with interest. Actual damages in the amount of $14,400.00 in wages, plus applicable raises, lost profits totaling $192, 480.00 and restitution for unjust enrichment in an amount to exceed $75,000.00 under the ADTPA and an injunctive requiring Defendants to cease their illegal practices, and for all other proper relief.

Respectfully Submitted,

GEORGE HOWARD JR. LEGAL CENTER, L.L.C.

Risie R. Howard, Attorney at Law
Attorney for Plaintiff
Post Office Box 8728
Pine Bluff, AR 71601
870-341-2148 phone/fax, Howard7557@yahoo.com

By: *Risie R. Howard*
Risie R. Howard, AR Bar No. 2012036